**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Civil Action No.    CCB-19-2285 |
| v. | * | Criminal Action No. CCB-16-0235 |
| | * | |
| DEANDRE SMITH, *et al.* | * | |
| | *** | |

**MEMORANDUM**

On July 17, 2018, immediately before trial, Deandre Smith pled guilty to Count One of the fourth superseding indictment in this case, charging him with conspiracy to possess with intent to distribute 1000 grams or more of heroin. He entered the plea under Rule 11(c)(1)(C), with an agreed-upon sentence of twenty-five years in prison, thus avoiding the possibility of a life sentence had he gone to trial on all counts.[1] On September 13, 2018, Smith received the twenty-five-year sentence which, as he recognizes, "outweighs a life sentence in the most profound of ways." (ECF 607-1, Petitioner's Mem. in Support of Mot. to Vacate, at 8). Nonetheless, Smith later filed a Motion to Vacate his sentence under 28 U.S.C. § 2255. The motion has now been fully briefed and no evidentiary hearing is necessary. For the reasons that follow, the motion will be denied.

Smith claims that his experienced defense counsel failed to object to the two-level enhancement under the U.S. Sentencing Guidelines ("USSG") § 2D1.1(b)(1) for use of a firearm which was applied in the Presentence Report and by this court in calculating the advisory guideline range. (ECF 607-1 at 7). But Smith apparently misunderstands the nature of the c-plea and the effect of the guidelines, which are only advisory. While the court takes the guidelines into account in deciding whether to accept a c-plea sentence, it also considers the many other

---

[1] In Count Seven, Smith was charged under 18 U.S.C. 924(c) and (j) with causing the death of SE by using a firearm in relation to the drug trafficking crime. A conviction under this statute permits the imposition of a life sentence.

1

applicable factors under 18 U.S.C. § 3553(a).  The two-level enhancement for the firearm was by no means determinative of the reasonableness of the proposed sentence.  Further, had the court not agreed to impose the twenty-five year sentence, the result would not necessarily have been a lower sentence; rather, the government would have been free to set aside the plea agreement and Smith would have been exposed to the possibility of life in prison.[2]

In any event, the two-level enhancement was applied correctly.  The statement of facts to which Smith admitted established that he was an organizer or leader of an extensive drug distribution conspiracy and that, in furtherance of that conspiracy, one of his co-defendants shot and killed both SE and EN.  (ECF 499, Plea Agreement, at 9).  Smith made those admissions in the context of pleading guilty to Count One of the indictment, in which the two murders were listed as overt acts. (ECF 457 ¶¶ 14, 17)  Consistent with the plea agreement, the Presentence Report noted that "[b]ecause the conspiracy involved a dangerous weapon, the offense level is increased by 2," citing USSG § 2D1.1(b)(1).  (ECF 527 ¶ 23).  The enhancement was justified based on the facts.  *See United States v. Brooks*, 957 F.2d 1138, 1148–49 (4th Cir. 1992) (concluding evidence firearms were used to commit two murders in furtherance of a conspiracy was sufficient to support an enhancement, under USSG § 2D1.1(b)(1), even for members of the conspiracy who did not commit the murders or possess the firearms); *see also United States v. Gomez-Jimenez*, 546 F. App'x 183, 185 (4th Cir. 2013) (upholding an enhancement under USSG § 2D1.1(b)(1) where statements adduced at a guilty plea hearing and in a presentence report showed that the defendant could reasonably foresee his co-conspirator's possession of firearms in furtherance of a drug trafficking conspiracy).

In short, Smith has not shown that counsel's performance was deficient nor that, absent the alleged error, there is a reasonable probability he would not have pled guilty.  *Hill v.*

---

[2] The maximum penalty for the drug conspiracy, while not mandatory, was also life in prison.

2

*Lockhart*, 474 U.S. 52, 58–59 (1985).  Further, he has not shown a reasonable probability that, if counsel had objected to the two-level enhancement, his sentence would have been more lenient. *Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999).

      Accordingly, his motion to vacate will be denied.  No certificate of appealability will be issued.  A separate Order follows.

  12/3/20    
    Date

      /S/        
Catherine C. Blake  
United States District Judge